People v Butler

2026 NY Slip Op 03179

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

The People of the State of New York, respondent,

v

Reliina Butler, Also Known as Relina Butler, appellant. (S.C.I. Nos. 4/22, 294/22)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2023-06476, 2024-02807

Cheryl E. Chambers, J.P.

Linda Christopher

Helen Voutsinas

Phillip Hom, JJ.

Bonnie C. Brennan, New Windsor, NY, for appellant.

David M. Hoovler, District Attorney, Goshen, NY (Andrew R. Kass and Robert C. McIver of counsel), for respondent.

[*1]

DECISION & ORDER

Appeals by the defendant from (1) a judgment of the County Court, Orange County (Hyun Chin Kim, J.), rendered August 9, 2023, convicting her of operating a motor vehicle while under the influence of alcohol as a felony in violation of Vehicle and Traffic Law § 1192(3) under Superior Court Information No. 294/22, upon her plea of guilty, and imposing sentence, and (2) an amended judgment of the same court, also rendered August 9, 2023, revoking a sentence of probation previously imposed by the same court (William DeProspo, J.) under Superior Court Information No. 4/22, upon a finding that she violated a condition thereof, upon her admission, and imposing sentence upon her previous conviction of operating a motor vehicle while under the influence of alcohol as a felony.

ORDERED that the judgment and the amended judgment are affirmed.

Contrary to the defendant's contention, the sentences imposed were not illegal. Where, as here, a person is convicted under Vehicle and Traffic Law § 1192(3), a sentencing court is required, pursuant to Penal Law § 60.21, to impose a period of probation or conditional discharge to run consecutively to any period of imprisonment, notwithstanding Penal Law § 60.01(2)(d) (see Vehicle and Traffic Law § 1193[1][c][iii]; Penal Law § 60.21; People v Smith, 154 AD3d 714, 714-715; People v Oliver, 98 AD3d 751, 751). Accordingly, the defendant's sentences, which included a consecutive period of probation, were legal.

Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived her right to appeal (see People v Thomas, 34 NY3d 545; People v Lopez, 6 NY3d 248). "The [County] [C]ourt's colloquy followed, almost verbatim, the model colloquy for the waiver of the right to appeal drafted by the Unified Court System's Criminal Jury Instructions and Model Colloquy Committee, the use of which has been endorsed by this Court in People v Batista (167 AD3d 69, 76-78), and by the Court of Appeals in People v Thomas (34 NY3d at 566-567)" (People v Torres, 244 AD3d 1256, 1257 [internal quotation marks omitted]). Moreover, the appeal waiver was mentioned as being a condition of the plea agreement prior to the defendant's plea of guilty and admission of guilt, and the record reflects the defendant was made aware of the People's demand for an appeal waiver before she agreed to the plea of guilty, [*2]as she acknowledged that she had discussed the appeal waiver with her attorney and executed a written waiver of her right to appeal prior to the plea proceedings (see People v Mejia, 246 AD3d 828, 828; People v Whitney, 245 AD3d 834, 834). The defendant's valid waiver of her right to appeal precludes appellate review of her contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d at 256; People v Torres, 244 AD3d at 1257; People v Batista, 167 AD3d at 75).

CHAMBERS, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court